The Honorable Brian D. Lynch
Chapter 13
Hearing Location: Telephonically
Hearing Date: October 26, 2022
Hearing Time: 1:30 p.m.
Response Date: October 19, 2022

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>MICHAEL LEE SORENSEN AND KARLA ANN SORENSEN,<br><br>Debtors. | **Case No.: 18-42652-CMA**<br><br>**NOTICE OF HEARING AND MOTION FOR DETERMINATION OF FINAL CURE AND PAYMENT OF ALL POST-PETITION PAYMENTS** |

## I. NOTICE OF HEARING

PLEASE TAKE NOTICE that Debtors' **Motion for Determination of Final Cure and Payment of All Post-Petition Payments** IS SET FOR HEARING as follows:

Judge: Brian D. Lynch

Place: Courtroom I
Tacoma Federal Courthouse Union Station
1717 Pacific Avenue, Ste 2100
Tacoma, WA 98402-3233

Date: October 26, 2022

Time: 1:30 p.m.

IF YOU OPPOSE the Motion, you must file your written response with the Court Clerk and serve two copies on the Judge's chambers and deliver copies to the undersigned NOT LATER THAN THE RESPONSE DATE, which is October 19, 2022.

---

NOTICE OF HEARING AND MOTION FOR DETERMINATION OF FINAL CURE AND PAYMENT OF ALL POST-PETITION PAYMENTS - 1



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1716

IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, it its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE and strike the hearing.

Dated this 27th day of September, 2022.

/s/ Amanda N. Martin
Amanda N. Martin, WSBA No. 49581
Attorney for Debtor

## II. MOTION FOR DETERMINATION OF FINAL CURE AND PAYMENT OF ALL POST-PETITION PAYMENTS

COME NOW the Debtors, Michael Lee Sorensen and Karla Ann Sorensen, by and through their attorney, Amanda N. Martin, and respectfully move the Court pursuant to Fed. R. Bankr. P. 3002.1 for an order determining final cure and payment of all post-petition payments to Creditor Wilmington Savings Fund Society, FSB ("Creditor").

**A. STATEMENT OF FACTS**

On July 31, 2018, Debtors filed for bankruptcy protection. ECF #1. Debtors proposed a Chapter 13 plan to make ongoing mortgage payments and to cure a delinquency on the deed of trust securing their home located at 18230 Alexander Lane SW, Rochester, WA 98579. ECF #20. The Deed of Trust is purportedly owned by Creditor and serviced by Rushmore Loan Management Services ("Rushmore"). *See* Claim #2-1. On November 9, 2018, this Court confirmed the Debtors' Chapter 13 Plan. ECF #29.

On September 29, 2021, Debtors filed an adversary proceeding against Rushmore alleging violations of the automatic stay, failure to credit plan payments, and failure to provide notice of post-petition fees. ECF #35.

On June 14, 2022, the Chapter 13 Trustee filed a Notice of Final Cure Mortgage Payment re 3002.1. ECF #38. On June 30, 2022, Creditor filed a response to the notice of final

NOTICE OF HEARING AND MOTION FOR DETERMINATION OF FINAL CURE AND PAYMENT OF ALL POST-PETITION PAYMENTS - 2

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1716

Case 18-42652-BDL    Doc 41    Filed 09/27/22    Ent. 09/27/22 15:15:45    Pg. 2 of 4

cure payment stating that the Debtors were current on their mortgage through August 1, 2022.

On July 22, 2022, counsel for Debtors received a mortgage statement from Rushmore stating that the next payment due date was August 1, 2022 and that none of the post-petition payment amount would be going to principal. *See* Declaration of Amanda N. Martin ("Martin Decl."), Ex. A. On August 22, 2022, counsel for Debtors received another mortgage statement from Rushmore stating that the next payment due date was October 1, 2022, and again, that no post-petition payment amount would be applied to principal. Martin Decl., Ex. B. The August statement listed $5,099.00 in recoverable advances. *Id*. No notice of post-petition fees was filed pursuant to Fed. R. Bankr. P. 3001, however, counsel for Rushmore has attested that those recoverable advances have since been charged off. No Certificate of Completion or Order of Discharge has been filed in the Debtors' Chapter 13 case.

**B. ARGUMENT**

Fed. R. Bankr. P. 3002.1 provides the mechanism for a debtor to seek a court order deeming their mortgage obligations current. "Subdivision (h) provides a procedure for the judicial resolution of any disputes that may arise about payment of a claim secured by the debtor's principal residence." Committee Notes on Rules – 2011. "Rule 3002.1(h) was intended to provide a debtor with a procedure to seek a determination of the status of his/her mortgage prior to closure of the bankruptcy case." *Bodrick v. Chase Home Fin., Inc. (In re Bodrick)*, 498 B.R. 793, 801 (Bankr. N.D. Ohio 2013).

Here, three months have passed since Creditor filed its response to the Notice of Final Cure Payment. Since then, Debtors' counsel has received mortgage statements that state no amount will be applied to principal and that recoverable advances were charged. Martin Decl., Exs. A-B. While Rushmore, through conversations between counsel, stated that Debtors' post-

NOTICE OF HEARING AND MOTION
FOR DETERMINATION OF FINAL
CURE AND PAYMENT OF ALL POST-
PETITION PAYMENTS - 3

**NWCLC** Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1716

Case 18-42652-BDL    Doc 41    Filed 09/27/22    Ent. 09/27/22 15:15:45    Pg. 3 of 4

petition payments will be applied to principal in accordance with the notes and that the recoverable advances were since charged off, Debtors seek an order deeming their mortgage current so that they may complete their Chapter 13 plan and receive their discharge.

Debtors also seek an order providing that all statements be sent to the Debtors moving forward. 12 CFR 1026.41(e)(5)(ii) provides that a servicer send periodic statements directly to a consumer unless the consumer requests in writing that a servicer cease providing periodic statements. Here, the Debtors did not request in writing for Rushmore to cease providing periodic statements, yet statements are still sent to counsel for Debtors. Debtors respectfully request that the statements are sent directly to Debtors moving forward in accordance with 12 CFR 1026.41.

**C.  CONCLUSION**

As such, Debtors respectfully request that this Court enter an order declaring that the Debtors' mortgage is current as of the date of the order granting this Motion.

DATED this 27th day of September, 2022.

/s/ Amanda N. Martin
Amanda N. Martin, WSBA #49581
Attorney for Debtors

NOTICE OF HEARING AND MOTION FOR DETERMINATION OF FINAL CURE AND PAYMENT OF ALL POST-PETITION PAYMENTS - 4

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1716

Case 18-42652-BDL    Doc 41    Filed 09/27/22    Ent. 09/27/22 15:15:45    Pg. 4 of 4